UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CYNTHIA B. CASHMAN,

                                        Plaintiff,

        -v.-                                                          1:05-CV-0640
                                                                     (GLS)(DRH)

HAROLD L. ROSENBERGER,

                                        Defendant.

APPEARANCES:

HAROLD L. ROSENBERGER
Defendant, *pro se*
Highland, New York 12528

GARY L. SHARPE, DISTRICT JUDGE

                                   **ORDER**

        The Clerk has sent to the Court for review a notice of removal filed pursuant to 28

U.S.C. §§ 1441, 1443, and 1446 by defendant Harold L. Rosenberger ("Rosenberger").

Dkt. No. 1.  Rosenberger has paid the filing fee required for this action.

        In his *pro se* notice of removal, Rosenberger claims that this action, a civil

proceeding concerning child support filed in Ulster County Family Court, is properly

removed to federal court because the case involves questions of federal law related to

violations of his Federal constitutional rights.  Specifically, Rosenberger alleges that New

York State statutes fixing child support payments based upon the income of the parents

and requiring a parent to provide child support and/or to contribute to the post-secondary

education of their unemancipated children between the ages of 18 and 21 violate various

rights under the United States Constitution, including the rights to due process and equal

protection.  Dkt. No. 1.   For a more complete statement of Rosenberger's claims,

Dockets.Justia.com

reference is made to the entire notice of removal filed in this action.

Title 28 U.S.C. § 1441 allows for removal of an action filed in state court only if the action could have been originally filed in federal court. *See Fax Telecommunicaciones, Inc. v. AT & T*, 138 F.3d 479, 486 (2d Cir. 1998). A complaint may be filed in Federal Court only if there is subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship and the amount in question exceeds $75,000. Here, Rosenberger claims that Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, the federal question statute.[1]

Title 28 U.S.C. § 1447(c) provides two grounds for remand: (1) a defect in the removal procedure and (2) lack of subject matter jurisdiction. Removal statutes are to be strictly construed and "[a]ll doubts should be resolved in favor of remand." *Moran v. Continental Casualty Co.,* No. 1:01-CV-1008, 2001 WL 1717214, *2 (N.D.N.Y. Nov. 16, 2001)(Mordue, D.J.); *see also*, *Hofmann v. Fasig-Tipton New York, Inc.*, No. 90-CV-1074, 1991 WL 5867 (N.D.N.Y. Jan. 18, 1991)(Munson, S.J.). If the Court finds that the case is improperly removed, because original jurisdiction was lacking, the case must be remanded to the state court from which it was removed. See 28 U.S.C. § 1447(c).

> Whether a case presents a federal question "must be determined from what necessarily appears in the plaintiff's statement of his ... claim ... unaided by anything alleged in anticipation ... of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 34 S.Ct.

---

[1] The Court has also considered whether it has subject matter jurisdiction of this action under 28 U.S.C. § 1332, and finds that there is no diversity of citizenship between the parties. Both parties reside in New York State.

> 724, 725, 58 L.Ed.2d 1218 (1914)) (other internal citations omitted). **Under
> this "well-pleaded complaint rule," removal on federal question
> grounds is not supported by a defendant's assertion of a federal issue.
> *Id*. Correspondingly, a federal defense cannot serve as a basis for
> federal jurisdiction (internal citation omitted).**

*International Tin Council v. Amalgamet Inc.*, 645 F. Supp 879, 881 (S.D.N.Y. Oct. 20,

1986) (emphasis added). Thus, a claim for relief arises under federal law only when a

substantial federal question is presented **on the face of plaintiff's "well-pleaded

complaint**." *Gully v. First National Bank*, 299 U.S. 109 (1936).

For the reasons that follow, the Court finds that it lacks subject matter jurisdiction

over this action. *See United Food & Commercial Workers Union, Local 919 v. Centermark

Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (citing 5A Wright & Miller,

*Federal Practice and Procedure*, Civil 2d at § 1350 (1990)) (Lack of subject-matter

jurisdiction is properly raised, *sua sponte*, by the Court).  Accordingly, the action will be

remanded to the appropriate state court.

A review of plaintiff's complaint demonstrates that plaintiff is seeking increased child

support from Rosenberger for their natural children based upon a change of

circumstances.  *See* Dkt. No. 1 at A-11 through A-14.  The complaint does not present a

federal question but instead presents questions concerning domestic relations, namely

child support.  Federal courts generally lack subject matter jurisdiction over such claims:

> A century ago,..., the Supreme Court, sagely circumscribed the jurisdiction
> of federal courts as regards domestic relations when it held that "the
> whole subject of the domestic relations of husband and wife, parent and
> child, belongs to the laws of the States and not to the laws of the United
> States." *Ex parte Burris*, 136 U.S. 586, 594, 10 S.Ct. 850, 853, 34 L.Ed.
> 500 (1890).

*Neustein  v. Orbach*, 732 F.Supp. 333, 339 (E.D.N.Y. 1990).[2]  In *Neustein*, the plaintiff

commenced a § 1983 action alleging that her constitutional rights were violated when she

was denied her rights to confront witnesses, to equal protection, and to due process,

during her state child custody proceedings.  *Neustein*, 732 F.Supp. at 335.  The Court in

*Neustein* concluded that it lacked jurisdiction because it could not address factual disputes

related to domestic relations.  *Id*. at 339.  The *Neustein* Court further stated that "even if [it]

were only asked to decide the question of damages it could not do so without analyzing

the basis for the custody determination."  *Id*.  *See also Durr v. Mobley*, 92 Civ. 8349, 1993

U.S. Dist. LEXIS 4601, at *6 (S.D.N.Y. Apr. 12, 1993) (claims of child support and child

custody "are at the core of the domestic relations exception) (citations omitted); *McArthur*

*v. Bell*, 788 F.Supp. 706, 708-09 (E.D.N.Y. 1992) (domestic relations exception deprived

district court of jurisdiction over former husband's § 1983 claim alleging that he was denied

due process in state court proceeding where wife received an upward adjustment of child

support).

> The reasons underlying this policy of abstention include "the strong state
> interest in domestic relations matters, the competence of state courts in
> settling family disputes, the possibility of incompatible federal and state court
> decrees in cases of continuing judicial supervision by the state, and the
> problem of congested dockets in federal courts." ... "The decisive factor [in
> determining whether the domestic relations exception applies," we have said,
> "is not the formal label attached to the claim (tort, contract, etc.), but the type
> of determination that the federal court must make in order to resolve the
> case."

---

[2] The *Neustein* court noted that "on rare occasions, the federal courts have
gingerly forayed into the domestic relations arena but only to resolve claims that are
traditionally adjudicated in federal court." 732 F.Supp. at 339. Plaintiff's claims, however,
appear to fall squarely within the domestic relations exception to the exercise of federal
jurisdiction.

4

*Congleton v. Holy Cross Child Placement Agency*, 919 F.2d 1077, 1079 (5th Cir. 1990) (internal citations omitted).  In addition to abstaining from jurisdiction over domestic relations matters, the Second Circuit has stated that federal courts may abstain from exercising jurisdiction over issues "'on the verge' of being matrimonial in nature" as long as full and fair adjudication is available in state court.  *American Airlines, Inc.* v. *Block*, 905 F.2d 12, 14 (2d Cir. 1990).

On the face of plaintiff's "well-pleaded complaint," no federal question is presented. Plaintiff only seeks increased child support, solely a domestic relations matter. Rosenberger's attempt to challenge the petition for increased child support by raising, in defense, that his constitutional rights will be violated if he is ordered to pay increased child support for his natural children, ages 18 to 21 years of age, will not support removal of a complaint that, **on its face,** alleges only a state claim relating to domestic relations.  *See International Tin Council*, 645 F.Supp. at 881 (defendant's assertion of a federal issue or a federal defense cannot support removal on federal question grounds).  Moreover, as in *Neustein*, in order to address this action, the Court would necessarily be required to review and interpret questions of child support -- issues more appropriately left to the state courts.

Accordingly, this action is remanded to state court pursuant to 28 U.S.C. § 1447(c).

**WHEREFORE**, it is hereby

**ORDERED**, that the Clerk remand this action to Ulster County Family Court, and it is further

**ORDERED**, that the Clerk serve a copy of this Order **by certified mail** upon the

clerk of the Ulster County Family Court and by regular mail upon the defendant

Rosenberger and the Ulster County Attorney.

IT IS SO ORDERED.

Dated:        June 1, 2005
              Albany, New York

Gary L. Sharpe
U.S. District Judge

6