UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CYNTHIA B. CASHMAN,

                                Plaintiff,

    -v.-                                                   1:05-CV-0640
                                                                  (GLS)(DRH)

HAROLD L. ROSENBERGER,

                                Defendant.
_____

APPEARANCES:

HAROLD L. ROSENBERGER
Defendant, *pro se*

GARY L. SHARPE, DISTRICT JUDGE

# ORDER

       On May 25, 2005, Defendant Harold L. Rosenberger filed a notice removing to this Court a civil proceeding concerning child support filed in Ulster County Family Court. Dkt. No. 1. By Order of this Court filed June 1, 2005, the removed action was remanded to Ulster County Family Court. Dkt. No. 4 ("June Order"). Presently before the Court is Rosenberger's motion for reconsideration of the June Order. Dkt. No. 7.

**I.    Order remanding action to state court not subject to review**

       28 U.S.C. § 1447(d) states:

> An order remanding a case to the State court from which it was
> removed is not reviewable on appeal or otherwise, except that
> an order remanding a case to the State court from which it was
> removed pursuant to section 1443 of this title shall be
> reviewable by appeal or otherwise.

Therefore, as a general rule, an order remanding a removed action back to state court cannot be reviewed on a motion for reconsideration unless the action has been removed pursuant to 28 U.S.C. § 1443. While Rosenberger purports to remove his action, in part,

on the basis of §1443 (*see* Dkt. No. 1 at 2-3), his reliance on § 1443 is misplaced. The Second Circuit has stated that § 1443

> applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights ... When the removal statute speaks of "any law providing for equal rights," it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.

*People of the State of New York v. Galamison*, 342 F.2d 255, 269, 271 (2d Cir. 1965). Moreover, the United States Supreme Court has concluded "[o]n the basis of the historical material that is available ... the phrase 'any law providing for * * * equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966). Thus, Rosenberger's claims under the Due Process Clause of the Fourteenth Amendment and under 42 U.S.C. § 1983 do not support a valid claim for removal under § 1443. As such, the June Order is not subject to review. *See* 28 U.S.C. § 1447(d). This is so even if the remand order is erroneous. *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976); *accord Volvo of Am. Corp. v. Schwarzer*, 429 U.S. 1331, 1332-33 (1976).

## II.     Reconsideration not warranted

Even if the June Order were subject to review, Rosenberger's motion would fail. A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v.*

*New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

The Court finds that Rosenberger has not established any of the above-cited factors relative to this Motion for reconsideration. Therefore, assuming this Court had jurisdiction to review the motion, which it believes it does not, the motion would be denied on the merits.

Accordingly, based upon the above, it is hereby

**ORDERED**, that Rosenberger's motion for reconsideration (Dkt. No. 7) is **DENIED** for the reasons set forth above, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon Rosenberger, the Plaintiff Cynthia B. Cashman, the Clerk of the Ulster County Family Court, and the Ulster County Attorney.

IT IS SO ORDERED.

Dated:     August 12, 2005
           Albany, New York

*Gary L. Sharpe*
U.S. District Judge

3